IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GORDON NUNES,
    Plaintiff,

vs.                                    Case No.:  3:14cv109/MCR/EMT

U.S. DEP'T OF JUSTICE, FEDERAL BUREAU
OF PRISONS, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

    State court Defendant U.S. Department of Justice, Federal Bureau of Prisons ("BOP"), initiated this federal action by filing a Notice of Removal, seeking to remove a state court action filed by Plaintiff in the County Court in and for Escambia County, Florida, Case No. 2013-CA-002078 (doc. 1).  The BOP also paid the filing fee.  Now pending is Plaintiff's motion to remand (doc. 6).  The BOP responded in opposition to the motion (doc. 9).

    The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After careful consideration, the undersigned concludes that Plaintiff's motion for remand should be denied.

    In Plaintiff's motion to remand, he argues that the BOP's notice of removal was untimely, under 28 U.S.C. § 1446(b) (doc. 6).  Pursuant to § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  28 U.S.C. § 1446(b)(1).  The thirty-day time period set forth in § 1446(b) is strictly construed.  *See* Snapper, Inc. v. Redan, 171 F.3d 1249, 1253 (11th Cir. 1999) (failure to comply with express statutory requirements for removal renders removal defective and subject to

remand).  In cases where there are multiple defendants, the rule of unanimity mandates that all defendants join in removing the state court action to federal court.  28 U.S.C. § 1446(b)(2)(A).  Each defendant has thirty (30) days after receipt by, or service on, that defendant of the initial pleading or summons to file the notice of removal.  28 U.S.C. § 1446(b)(2)(B).  If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.  28 U.S.C. § 1446(b)(2)(C).

Plaintiff contends the notice of removal was filed more than thirty (30) days from the date of service of the complaint upon each Defendant (doc. 6 at 2–3).  Plaintiff alleges the notice of removal, filed March 4, 2014, was filed "49 days after service upon the Defendants, by the Escambia County Sheriffs [sic] Office, on behalf of the Circuit Court of the First Judicial Circuit in and for Escambia County . . ." (*id.* at 3).  He thus appears to argue the complaint was served upon each Defendant on January 14, 2014.

The BOP argues that although the state court record indicates summonses were <u>issued</u> on January 14, 2014, there is no indication the summonses were <u>served</u> (doc. 9  at 2) (emphasis added). The BOP states it had no knowledge of Plaintiff's state court action until February 19, 2014, when a mail package containing five groups of documents, each addressed to a Defendant and each including a copy of the state court complaint, interrogatories, and other documents, but no summonses, were received at the Federal Prison Camp in Pensacola, Florida ("FPC-Pensacola") (*id.*).  The BOP submitted an affidavit of Laura Shank, a Case Management Coordinator/Legal Liaison at FPC-Pensacola attesting to the receipt of the mail package on February 19, 2014 (doc. 9-1, Declaration of Laura Shank).  The BOP also submitted a copy of the state court record (doc. 7). The BOP contends the Notice of Removal, filed March 4, 2014, was filed less than 30 days from the date the BOP received a copy of the state court complaint, and was thus timely (*id.*).

The state court record demonstrates that the state court issued a summons for each Defendant on January 14, 2014 (docs. 7-5, 7-6).  However, there is no indication in the state court record that any of the summonses were served; and Plaintiff has submitted no proof to this court that a summons or complaint was served upon any Defendant.  Further, although the BOP admits that it received a copy of the complaint on February 19, 2014, the notice of removal was filed only thirteen (13) days

later, on March 4, 2014, which was well within the thirty-day period for removal set forth in 28 U.S.C. § 1446(b).  Therefore, removal was timely.

Accordingly, it is respectfully **RECOMMENDED**:

That Plaintiff's motion for remand (doc. 6) be **DENIED**.

At Pensacola, Florida this 1st day of April 2014.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* **28 U.S.C. § 636**; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).